**UNITED STATES BANKRUPTCY COURT**

**Delaware**

| | | |
|---|---|---|
| <u>**In re**</u> | ) | **Chapter 11** |
| | ) | |
| **Hexion Holdings LLC, et al.,** | ) | **Case No 19-10684** |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

## STATEMENT OF FINANCIAL AFFAIRS FOR

### North American Sugar Industries Incorporated

### Case No: 19-10695

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HEXION HOLDINGS LLC, et al.,[1] | ) Case No. 19-10684 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

**General**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Hexion Holdings LLC ("Hexion" or the "Company") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (the "Debtors") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by management of the Debtors, with the assistance of the Debtors' advisors.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Notwithstanding any subsequent information or discovery, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Schedules and Statements are unaudited and subject to potential adjustment. Because the Schedules and Statements contain unaudited information and remain subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Schedules and Statements have been signed by George F. Knight, Chief Financial Officer of the Debtors and authorized agent of each of the Debtors.  Accordingly, in reviewing and signing the Schedules and Statements, Mr. Knight necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals.  Mr. Knight has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

The Schedules and Global Notes (as defined below) should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

These Global Notes and Statements of Limitation, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

**Description of the Cases and Reporting Date**

On April 1, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The chapter 11 cases are being jointly administered under Case No. 19-10684.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The asset and liability information provided herein, except as otherwise noted, represents the asset and liability data of the Debtors as of March 31, 2019 (the "Reporting Date").

**Basis of Presentation**

Hexion Holdings LLC is the sole owner of Hexion LLC, a holding company, which is the direct parent of Hexion Inc.  Hexion Inc. is the direct or indirect parent of all of the other Debtors in these cases as well as the Non-Debtor Affiliates, and prepares consolidated financial statements

---

[2]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.  Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

US-DOCS\107895664.1

that are audited annually.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

<u>**General Disclosures Applicable to Schedules and Statements**</u>

1.   **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of actions or in any way prejudice or impair the assertion of such claims.

2.   **Recharacterization**.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

3.   **Claim Designations**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their

rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.    **Unliquidated Claim Amounts**.    Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.    **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6.    **Court Orders.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about April 2, 2019 and May 1, 2019 (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, critical vendors, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

7.    **Valuation**. In many instances, current market valuations are not maintained by or readily available to, the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the [Reporting Date] are reflected on the Schedules and Statements. Exceptions to this include operating cash, cash equivalents, and certain other assets. Operating cash is presented as bank balances as of the [Petition Date]. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may vary materially from fair market values. Amounts ultimately realized may vary from net book value (or other value so ascribed) and such variance may be material. Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

8.    **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

9.    **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements. The Debtors have excluded certain categories of assets, goodwill, tax accruals, and liabilities from the Schedules and Statements, including, accrued salaries, employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected

4

(if any), to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

10.    **Confidential or Sensitive Information**.  There may be instances where certain information in the Schedules and Statements was not included or redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.

11.    **Leases**.  The Debtors have not included in the Schedules and Statements the future obligations of any operating leases.  Additionally, the Debtors have not included in the Schedules any right-of-use operating lease assets or liabilities related to FASB Accounting Standards Update 2016-2 because the Debtors do not possess any ownership interest in the corresponding properties and believe that the addition of these items would be cumbersome and unnecessary for understanding the value of the Debtors' estate.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

12.    **Contingent Assets**.  The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliate entities for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guarantees, (v) indemnities, and (vi) warranties.  Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

13.    **Receivables**.  The Debtors have not listed individual customer accounts receivable balance information as the Company considers its customer list to be proprietary and confidential.

14.    **Inventories**.  Inventories are stated at lower of cost or net realizable value using the first-in, first-out method. Costs include direct material, direct labor and applicable manufacturing overheads, which are based on normal production capacity. Abnormal manufacturing costs are recognized as period costs and fixed manufacturing overheads are allocated based on normal production capacity. An allowance is provided for excess and obsolete inventories based on management's review of inventories on-hand compared to estimated future usage and sales.  All inventories are presented without consideration of any mechanics' liens.

15.     **Intercompany Accounts**.  The Debtors record intercompany assets and liabilities through three types of accounts: intercompany trade (includes trade and other business-related transactions), intercompany notes and intercompany dividends. Intercompany trade accounts record sales-type transactions between Hexion subsidiaries and affiliates. Intercompany notes reflect loans made between Hexion subsidiaries and affiliates. Intercompany interest includes interest accrued up through the Reporting Date. Periodically, the Debtors eliminated intra-company activity within each legal entity. For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see (i) *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing Continued Use Of The Debtors' Existing Cash Management System And Bank Accounts, (II) Waiving Certain United States Trustee Requirements, (III) Authorizing Continued Performance Of Intercompany Transactions, And (Iv) Granting Related Relief* (Docket No. 15) (the "Cash Management Motion") and (ii) *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Adequate Protection to Prepetition Secured Parties, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* (Docket No. 62).

16.     **Guarantees and Other Secondary Liability Claims**.  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted. Thus, the Debtors reserve all rights to amend the Schedules and Statements to the extent that additional Guarantees are identified and to remove any Guarantee that was included in error.

17.     **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

18.     **Executory Contracts**.  The Debtors have not set forth executory contracts as assets in the Schedules and Statements.  The Debtors' executory contracts have been set forth in Schedule G.  In addition, the business of the Debtors are complex—the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, but inadvertent errors, omissions, or over inclusion may have occurred.

19.     **Mechanics' Liens**.   The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

20.     **Estimates**.   To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.   The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

21.     **Fiscal Year**.   Each Debtor's fiscal year ends on December 31.

22.     **Currency**.   Unless otherwise indicated, all amounts are reflected in U.S. dollars.

23.     **Property and Equipment**.   Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value.   The Debtors may lease furniture, fixtures, and equipment from certain third party lessors.   Any such leases are set forth in the Schedules and Statements.   Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

24.     **Claims of Third-Party Related Entities**.   While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to such parties.   Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

25.     **Interest in Subsidiaries and Affiliates**.   Hexion Holdings LLC is the sole member of Hexion LLC, which is the sole owner of Hexion Inc. Hexion Inc. owns directly or indirectly all of the equity interest in the 15 subsidiaries and affiliates that are also Debtors as well as numerous subsidiaries and affiliates who are not Debtors. Interests in subsidiaries arise from stock ownership. Each Debtor's Schedule A/B 15 or Statement 25 schedules its ownership interests, if any, in subsidiaries and affiliates.   Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

26.     **Umbrella or Master Agreements**.   Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.   Where relevant, such agreements have been listed in the Schedules and Statements of only the Debtor that signed the original umbrella or master agreement.

27.     **Setoffs and Recoupment**.   The Debtors routinely take and are subject to setoffs with customers and vendors in the ordinary course of business.   Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, warranties, and other disputes between the Debtors and their customers or vendors.   These setoffs are consistent with the ordinary course of business in the

7

Debtors' industry and can be particularly voluminous, unduly burdensome and costly for the Debtors to regularly document. Therefore, the economic impact of claims related to setoff and recoupment are excluded from the Debtors' responses to Question 6 of the Statement of Financial Affairs.

28.    **Insiders**.  The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the voting or equity securities of a Debtor, (2) directors of any of the Debtors, (3) the Debtors' executive officers as stated in Hexion Inc. SEC Form 10-K, or (4) a person married to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  In addition, certain Debtors have made payments to, charged or incurred charges from various affiliated entities during the twelve months preceding the relevant Petition Date.  These transactions have been reflected in the Schedules and Statements as the net change in beginning and ending intercompany trade payables.

29.    **Indemnification**.  Section 19 of Hexion's Amended and Restated Operating Agreement (the "Operating Agreement") provides indemnification, on the particular terms set forth in the Bylaws, for persons made a party or threatened to be made a party to any action, suit or proceeding by reason of the fact that he or she is a director of Hexion, or is serving at the request of Hexion as a director.  The Debtors have not reached a determination as to whether certain potentially indemnified persons are ineligible for indemnification under the terms of the Certificate and such persons are therefore listed on Hexion's Schedule E/F.  To the extent that Hexion has entered into separate contracts with certain executives and former executives, agreeing to indemnify them in certain circumstances according to the particular terms and conditions set forth in those contracts, such contracts are listed on Hexion's Schedule G.  The Debtors have not reached a determination as to whether the persons who are parties to these contracts are eligible for indemnification.  Consequently, the Debtors have separately listed on Schedule G all contracts with such persons, but Debtors reserve all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the provisions do not constitute executory contracts.

30.    **Property Held for Others**.  In the ordinary course of business, Hexion enters into tolling agreements (the "Tolling Agreements") with certain customers of the Debtors.  Under the Tolling Agreements, the Debtors take possession but not title to various materials and supplies (the "Tolling Assets").  Title to the Tolling Assets does not transfer to the Debtors and the Debtors are not obligated to pay for the Tolling Assets.   As a result, the Debtors have listed any property held for another in Statement 21.

31.    **Payments**.  The financial affairs and business of the Debtors are complex.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System") (as described in the Cash Management Motion).  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, as is necessary or appropriate.

8

Payments made are listed by the legal entity making such payment notwithstanding that many such payments will have been made on behalf of another legal entity.

32. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

**Specific Notes Regarding Schedule A/B**

1. **Schedule A/B-3 - Checking, savings, or other financial accounts, CDs, etc.** Schedule A/B-3 lists closing bank balances as of March 31, 2019.

2. **Schedule A/B-15 – Stock and interests in incorporated and unincorporated businesses**. See Schedule Exhibit A/B-15 for additional businesses the Debtor was a parent of or owned a significant interest in.

3. **Schedule A/B-39 - Office Equipment**. Certain of the Debtors' office equipment, furnishings, and supplies are not capitalized based on its accounting policies and procedures. These assets are not listed herein.

4. **Schedule A/B-40 / A/B-50 - Business Equipment and Spare Parts**. Certain of the Debtors' machinery, fixtures, equipment, and supplies used in business are not capitalized based on its accounting policies and procedures. These assets are not listed herein.

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. That certain Amended and Restated Asset-Based Revolving Credit Agreement, dated as of December 21, 2016 also has 16 letters of credit issued under it that are not included in the total listed on Schedule D. Although there are multiple parties that hold a portion of the debt, only the administrative agents have been listed for purposes of Schedule D.

9

The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

## Specific Notes Regarding Schedule E/F

1.    **Creditors Holding Priority Unsecured Claims**.  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under sections 503 and/or 507 of the Bankruptcy Code. The Debtors reserve all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F.  Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F.  Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

As noted in the Global Notes, the Bankruptcy Court entered a First Day Order granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order"). Pursuant to the Employee Wage Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses and other compensation, reimbursable employee expenses, and employee medical and similar benefits.  The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Employee Wage Order or such other order as may be entered by the Bankruptcy Court.

2.    **Creditors Holding Nonpriority Unsecured Claims**.  The Debtors have used their commercially reasonable efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

US-DOCS\107895664.1

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F.  Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances.  The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

3.    **Schedule – Intercompany**.  The Debtors maintain business relationships among each other and with their foreign subsidiaries ("Foreign Subsidiaries") resulting in intercompany receivables and payables in the ordinary course of business.   Such Intercompany Claims arise (a) among the Debtors and (b) between Hexion and Foreign Subsidiaries pursuant to prepetition management service agreements, intercompany trade arrangements, intercompany loan agreements, and other intercompany arrangements.   The respective intercompany accounts payable and accounts receivable are listed at the net amount due to/due from the debtor as of March 31, 2019 on Schedule E/F for each Debtor.

4.    **Schedule - Trade Payables**.  Trade Payables listed on Schedule E/F contain the pre-petition liability information available to the Debtors as of the date of filing and include invoices that were paid subsequent to the Petition Date related to prepetition obligations pursuant to the *Final Order (I) Authorizing  the Debtors to Pay Prepetition Claims of Foreign Vendors and (II) Granting Related Relief* (Docket No. 280), the *Final Order (I) Authorizing the Debtors to Pay*

11

*Prepetition Claims of Critical Vendors and (II) Granting Related Relief* (Docket No. 293), and the *Final Order (I) Authorizing Payment of Prepetition Claims of Common Carriers, Warehouses, Toll Processors, Mechanics, and Freight Forwarders, (II) Authorizing Payment of Section 503(b)(9) Claims, and (III) Granting Related Relief* (Docket No. 281).

## Specific Notes Regarding Schedule G

1.    **Executory Contracts**.  While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements,

amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice

13

of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as necessary or appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Finally, each of the Debtors are party to a Restructuring Support Agreement with certain of their financial stakeholders (the "RSA"). The RSA is listed on each Debtor signatory's Schedule G. For a complete list of the Debtors that are party to the RSA, please review each Debtor's Schedule G.

The Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases. These addresses will be compiled prior to sending notice of the bar date for the filing of proofs of claim in these chapter 11 cases.

**Specific Notes Regarding Schedule H**

1.      **Co-Debtors**.  The Debtors are party to various debt agreements, which were executed by multiple Debtors. In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Specific Notes Regarding Statements**

**Part 4: Payments made within 1 year before filing this case that benefited any insider.** The Debtors engage in transactions with certain companies owned by affiliates of Apollo Management Holdings, L.P. where the Debtors provide management services or oversight of such companies' books and records.  These transactions are considered affiliate arrangements and have been listed as transactions with insiders in these SOFAs and Schedules.  The Debtors may, from time to time, engage in arm's length transactions with other companies owned or controlled by affiliates of Apollo Management Holdings, L.P. to provide goods or services in the ordinary course of business.  Given the ordinary course and arm's length nature of these relationships, the Debtors have not listed such arrangements as transactions with insiders.

14

**Part 10: Off Premise Storage.**  The Debtors have excluded off premise storage for documentation retention held at multiple locations.

**Part 12: Details About Environmental Information**.  The Debtors have operations in many locations. At some locations, the Debtors no longer have any operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable. Some individuals who once possessed responsive information are no longer employed by the Debtors. For all these reasons, it may not be possible to identify and supply the requested information for every "site" and "proceeding" literally responsive to Item 22-24. The Debtors have devoted substantial internal and external resources to identifying and providing the requested information for as many responsive sites and proceedings as reasonably possible. The Debtors may supplement or amend this response in the future. Due to the number of potentially responsive matters, the practical burdens in compiling information on inactive matters and the presumably lower relevance of information on inactive matters, information is presented only for matters that have been active within the last few years and that the Debtors do not consider to be closed. When some requested categories of information were not reasonably available for a listed "site" or "proceeding," the Debtors' response gives as much information as was reasonably available. When a site is the subject of a proceeding, settlement or order listed in the response to Item 22, the site and notices related to it are not also listed in the responses to Item 23 or 24. Similarly, sites that are listed in the response to Item 23 (sites for which the Debtors have received notice from a governmental unit) are not repeated in response to Item 24 (sites for which the Debtors have provided notice to a governmental unit). To avoid duplication, notices are not listed to the extent they refer to another notice or proceeding already identified in 22, 23 or 24. This response does not include sites or proceedings related to non-environmental laws such as occupational safety and health laws or transportation laws. The Debtors make routine reports and submissions concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions. This response is limited to those reports and submissions that identify uncontrolled releases and hazardous materials and does not purport to identify all routine reports and submissions.

**Part 13: Books, records, and financial statements.**  The Debtors routinely provide financial statements to banks, customers, suppliers, tax authorities, landlords, factors, potential investors, and other financial institutions in the ordinary course, as well as in association with its debt restructuring efforts.

15

**North American Sugar Industries Incorporated**                              **Case Number:**          **19-10695**

| **Part 1:** | Income |
|---|---|

### 1. Gross Revenue from business

☑ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____<br>MM/DD/YYYY      MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |

**North American Sugar Industries Incorporated**                    **Case Number:**      **19-10695**

| Part 1: | Income |
|---------|--------|

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

|  | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|--|-----------------------------------|--------------------------------------------------|
| From _____ to _____ <br> MM/DD/YYYY       MM/DD/YYYY | _____ | _____ |

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1    NONE | | | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL** | $0 | |

| | **TOTAL** | $0 |
|---|---|---|

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|-------------------------------------------------------|-------|--------|--------------------|
| 4.1    NONE | | | |
| | | | |
| | TOTAL | $0 | |

| | | | |
|--|--|--|--|
| | TOTAL | $0 | |

Page 1 of 1 to Question 4

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
| --- | --- |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
| --- | --- | --- | --- |
| 5.1    NONE | | | $0 |

|  |  | **TOTAL** | **$0** |
| --- | --- | --- | --- |

| North American Sugar Industries Incorporated | Case Number: | 19-10695 |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1 NONE | | | | $0 |

| | TOTAL | $0 |
|---|---|---|

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 3: | Legal Actions or Assignments |

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☑ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|
| 7.  1     NONE | | | |

**North American Sugar Industries Incorporated**                                    **Case Number:**        **19-10695**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|-------------------------|-------|
| 8.1    NONE | | | | | |

**North American Sugar Industries Incorporated**          **Case Number:**          **19-10695**

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|

9. 1      NONE

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| Part 5: | Certain Losses |
|---------|----------------|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|-------------------------|-------------------|-----------------------------|--------------|----------------|
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10. 1    NONE | | | | Undetermined |

|  | | | **TOTAL** | **$0** |
|--|--|--|-----------|--------|

**North American Sugar Industries Incorporated**                                                    **Case Number:**          **19-10695**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11. 1    NONE | | | | | $0 |

**North American Sugar Industries Incorporated**                    Case Number:          **19-10695**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|-------------------------|---------|-----------------------------------|---------------------------|----------------------|
| 12.1    NONE | | | | $0 |

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| Part 6: | Certain Payments or Transfers |
|---|---|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1   NONE | | | $0 |

|  |  | **TOTAL** | **$0** |
|---|---|---|---|

**North American Sugar Industries Incorporated**                                    **Case Number:**          **19-10695**

| **Part 7:** | Previous Locations |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.1    NONE | From: _____ To: _____ |

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1   NONE | | | | ☐ Electronic<br>☐ Paper |

**North American Sugar Industries Incorporated**          **Case Number:**          **19-10695**

**Part 9:**          **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**North American Sugar Industries Incorporated**                                    **Case Number:**          **19-10695**

| Part 9: | Personally Identifiable Information |
|---|---|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☐ Yes.  Fill in below:

Describe: _____          EIN: _____

Has the plan been terminated?
☐ No
☐ Yes

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1   NONE | | | | |

**North American Sugar Industries Incorporated**     Case Number:     **19-10695**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|
| 19.1   NONE | | | ☐ No<br>☐ Yes |

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1    NONE | | | | ☐ No<br>☐ Yes |

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21. 1    NONE | | | |

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| Part 12: | Details About Environmental Information |
|----------|------------------------------------------|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|----------------------------|----------------------------------|----------------------|--------|
| 22.  1    NONE | | | |

**North American Sugar Industries Incorporated**                                                    **Case Number:**    **19-10695**

| **Part 12:** | Details About Environmental Information |
| --- | --- |

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
| --- | --- | --- | --- |
| 23.1   NONE | | | |

**North American Sugar Industries Incorporated**                          **Case Number:**          **19-10695**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24.1  NONE | | | |

Hexion Holdings LLC
SOFA 25
2019 Organization Structure

| LID | Legal Entity Name | Parent1 | Parent2 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/Partnership |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Hexion Holdings LLC | AIF Hexion Holdings, LP, AP Momentive Holdings, LLC, Apollo Investment Fund VI, L.P. | | | Delaware | 8/5/2010 | 27-4076842 | Debtor | Columbus, OH | Holding Company | Limited Liability Company |
| 2 | Hexion LLC | Hexion Holdings LLC (100%) | | | Delaware | 6/15/2004 | 20-2918090 | Debtor | Columbus, OH | Holding Company | Limited Liability Company |
| 3 | Hexion Inc. | Hexion LLC (100%) | | Momentive Specialty Chemicals Inc (expired 2015) | New Jersey | 4/24/1899 | 13-0511250 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| 4 | Lawter International Inc. | Hexion Inc. (100%) | | Eastman Resins, Inc. | Delaware | 1/6/1958 | 36-1370818 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| 5 | Hexion CI Holding Company (China) LLC | Lawter International Inc. (100%) | | Momentive CI Holding Company (China) LLC (expired 2015) | Delaware | 9/30/2005 | 20-3907441 | Debtor | Columbus, OH | Non-operating Company | Limited Liability Company |
| ND | Hexion IAR Holdings (HK) Limited | Hexion CI Holding Company (China) LLC (100%) | | | Hong Kong | 11/8/2007 | FOREIGN | Non-Debtor | Hong Kong | Holding Company | For Profit Corporation |
| ND | Tianjin Hexion Specialty Chemicals Co., Ltd. | Hexion IAR Holdings (HK) Limited (100%) | | | China | 4/22/1988 | FOREIGN | Non-Debtor | China | Operating Company | For Profit Corporation |
| 6 | Hexion Nimbus Inc. | Hexion Inc. (100%) | | Nimbus Merger Sub Inc. (expired 2015) | Delaware | 6/12/2007 | 26-1604409 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| 7 | Hexion Nimbus Asset Holdings LLC | Hexion Nimbus Inc. (100%) | | | Delaware | 5/26/2017 | NA | Debtor | Columbus, OH | Non-operating Company | Limited Liability Company |
| 8 | Hexion Deer Park LLC | Hexion Inc. (100%) | | | Delaware | 2/23/2018 | 82-4638302 | Debtor | Columbus, OH | Operating Company | Limited Liability Company |
| 9 | Hexion VAD LLC | Hexion Inc. (100%) | | | Delaware | 8/14/2018 | 83-1686340 | Debtor | Columbus, OH | Non-operating Company | Limited Liability Company |
| 10 | Hexion 2 US Finance Corp | Hexion Inc. (100%) | | | Delaware | 10/6/2006 | 20-5752643 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| 11 | Hexion HSM Holdings LLC | Hexion Inc. (100%) | | | Delaware | 6/11/2018 | 86-0867131 | Debtor | Columbus, OH | Non-operating Company | Limited Liability Company |
| 12 | Hexion Investments Inc. | Hexion Inc. (100%) | | Momentive Specialty Chemicals Investments Inc. (expired 2015) | Delaware | 10/31/1995 | 51-0370359 | Debtor | Columbus, OH | Operating Company | Limited Liability Company |
| 13 | Hexion International Inc. | Hexion Inc. (100%) | | Momentive International Inc. (expired 2015) | Delaware | 7/15/2004 | 20-2833048 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| ND | Schekinoazot (Russia Rep Office) | Hexion International Inc. (100%) | | | Russia | N/A | FOREIGN | Non-Debtor | Russian Federation | Operating Company | Branch |
| 14 | North American Sugar Industries Incorporated | Hexion Inc. (100%) | | | New Jersey | 9/19/1906 | 13-1639735 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| 15 | The Cuban-American Mercantile Corporation | North American Sugar Industries Incorporated (100%) | | | New Jersey | 9/16/1908 | 13-1639734 | Debtor | Columbus, OH | Holding Company | For Profit Corporation |
| 16 | The West India Company | North American Sugar Industries Incorporated (100%) | | | New Jersey | 5/21/1946 | 13-1642288 | Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| 17 | NL Coop Holdings LLC | Hexion Inc. (100%) | | | Delaware | 12/12/2007 | 27-2090696 | Debtor | Columbus, OH | Holding Company | Limited Liability Company |
| ND | Hexion International Coöperatief U.A. | NL Coop Holdings (65%), Hexion Inc. (35%) | | | Netherlands | 6/26/2017 | FOREIGN | Non-Debtor | Netherlands | Holding Company | uitgesloten aansprakelijkheid (U.A.) |
| EMOV | Oilfield Technology Group, Inc | Hexion Inc. (100%) | | | Delaware | 9/1/2004 | 20-2873694 | Non-Debtor | Columbus, OH | Operating Company | For Profit Corporation |
| ND | MicroBlend Colombia S.A.S. | Hexion Inc. (50%) | MicroBlend, Inc. (50%) | | Colombia | 7/30/2013 | FOREIGN | Non-Debtor | Colombia | Operating Company | For Profit Corporation |
| ND | Hexion Shanxi Holdings Limited | Hexion Inc. (100%) | | | Hong Kong | 3/20/2008 | FOREIGN | Non-Debtor | Hong Kong | Holding company | For Profit Corporation |

Hexion Holdings LLC
SOFA 25
2019 Organization Structure

| LID | Legal Entity Name | Parent1 | Parent2 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/Partnership |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ND | Sanwei Hexion Company Limited | Hexion Shanxi Holdings Limited (49%) | Shanxi Sanwei Group Co. Ltd. (51%) | | China | 9/27/2010 | FOREIGN | Non-Debtor | China | Operating Company | Limited Liability Company |
| ND | Hexion SARL | Hexion Inc. (100%) | | | France | 9/1/1995 | FOREIGN | Non-Debtor | France | Operating Company | For Profit Corporation |
| ND | Hexion Quimica S.A. | Hexion Inc. (100%) | | | Panama | 9/26/1960 | FOREIGN | Non-Debtor | Panama | Holding Company | For Profit Corporation |
| ND | Hexion Quimica S.A. [Colombia Branch] | Hexion Quimica S.A. (100%) | | | Colombia | N/A | FOREIGN | Non-Debtor | Colombia | Operating Company | Branch |
| ND | Hexion Holding Germany GmbH | Hexion Inc. (100%) | | | Germany | 12/6/2007 | FOREIGN | Non-Debtor | Germany | Holding Company | Limited Liability Company |
| ND | Hexion Germany GmbH | Hexion Holding Germany GmbH (10.23%), Hexion Europe B.V. (89.77%) | | | Germany | 9/24/2004 | FOREIGN | Non-Debtor | Germany | Holding Company | For Profit Corporation |
| ND | Hexion GmbH | Hexion Holding Germany GmbH (10.21%), Hexion Germany GmbH (89.79%) | | | Germany | 10/29/2001 | FOREIGN | Non-Debtor | Germany | Operating Company | Limited Liability Company |
| ND | Hexion Holdings (China) Limited | Hexion Inc. (100%) | | | Hong Kong | 8/6/1996 | FOREIGN | Non-Debtor | Hong Kong | Holding Company | For Profit Corporation |
| ND | Hexion UV Coatings (Shanghai) Limited | Hexion Holdings (China) Limited (100%) | | | Hong Kong | 10/31/2003 | FOREIGN | Non-Debtor | Hong Kong | Holding Company | For Profit Corporation |
| ND | Momentive UV Coatings (Shanghai) Co. Ltd. | Hexion UV Coatings (Shanghai) Limited (49.99%) | Prime Union Limited (50.01%) | | China | 3/18/2004 | FOREIGN | Non-Debtor | China | Operating Company | Limited Liability Company |
| ND | Quimica Borden Argentina S.A. | Hexion Inc. (5%), Borden Chemical Holdings (Panama) S.A. (95%) | | | Argentina | 4/24/1998 | FOREIGN | Non-Debtor | Argentina | Operating Company | For Profit Corporation |
| ND | Hexion International Coöperatief U.A. | Hexion Inc. (35%), NL Coop Holdings (65%) | | | Netherlands | 6/26/2017 | FOREIGN | Non-Debtor | Netherlands | Holding Company | uitgesloten aansprakelijkheid (U.A.) |
| ND | Hexion International Holdings B.V. | Hexion International Coöperatief U.A. (100%) | | | Netherlands | 5/25/2010 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Limited Partnership |
| ND | Hexion Holding B.V. | Hexion International Holdings B.V. (100%) | | | Netherlands | 7/22/1999 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Limited Liability Company |
| ND | Hexion Specialty Chemicals Lda. | Hexion Holding B.V. (69.7%), Hexion Europe B.V. (30.3%) | | | Portugal | 1/1/1911 | FOREIGN | Non-Debtor | Portugal | Operating company | For Profit Corporation |
| ND | Hexion Canada Inc. | Hexion Holding B.V. (100%) | | | Canada | 3/18/1912 | FOREIGN | Non-Debtor | Canada | Operating Company | For Profit Corporation |
| 18 | Hexion Nova Scotia Finance, ULC | Hexion Canada Inc. (100%) | | | Nova Scotia | 7/20/2004 | FOREIGN | Debtor | Columbus, OH | Non-operating Company | For Profit Corporation |
| ND | Borden Chemical Holdings (Panama) S.A. | Hexion Canada Inc. (100%) | | | Panama | 2/28/1942 | FOREIGN | Non-Debtor | Panama | Holding Company | For Profit Corporation |
| ND | Quimica Borden Argentina S.A. | Borden Chemical Holdings (Panama) S.A. (95%), Hexion Inc. (5%) | | | Argentina | 4/24/1998 | FOREIGN | Non-Debtor | Argentina | Operating Company | For Profit Corporation |
| ND | Borden Chemical Resinas, Panama, S.R.L. | Borden Chemical Holdings (Panama) S.A. (100%) | | | Panama | 11/2/2000 | FOREIGN | Non-Debtor | Panama | Holding Company | Limited Liability Company |
| ND | Hexion Quimica do Brasil Ltda. | Borden Chemical Resinas, Panama, S.R.L. (0.001%), Hexion Brazil Coöperatief U.A. (99.999%) | | | Brazil | 1/1/1947 | FOREIGN | Non-Debtor | Brazil | Operating Company | Limited Liability Company |
| ND | Hexion Brazil Coöperatief U.A. | Borden Chemical Holdings (Panama) S.A. (99%), Hexion Holding B.V. (1%) | | | Netherlands | 6/27/2012 | FOREIGN | Non-Debtor | Netherlands | Holding Company | Limited Partnership |
| ND | Hexion Quimica do Brasil Ltda. | Hexion Brazil Coöperatief U.A. (99.999%), Borden Chemical Resinas, Panama, S.R.L. (0.001%) | | | Brazil | 1/1/1947 | FOREIGN | Non-Debtor | Brazil | Operating Company | Limited Liability Company |
| ND | Danlinvest Holdings Ltda. | Hexion Quimica do Brasil Ltda. (99.99%) | Cicero Luiz Ferreira daSilva (0.01%) | | Brazil | 9/28/2003 | FOREIGN | Non-Debtor | Brazil | Holding Company | Limited Liability Company |
| ND | Hexion Industria e Comercio de Epoxi Ltda. | Hexion Quimica do Brasil Ltda. (1%), Hexion Holding B.V. (99%) | | | Brazil | 5/23/2013 | FOREIGN | Non-Debtor | Brazil | Operating Company | Limited Liability Company |
| ND | Hexion Quimica Uruguay S.A. | Hexion Quimica do Brasil Ltda. (100%) | | | Uruguay | 5/3/2005 | FOREIGN | Non-Debtor | Uruguay | Operating Company | For Profit Corporation |

Hexion Holdings LLC
SOFA 25
2019 Organization Structure

| LID | Legal Entity Name | Parent1 | Parent2 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/ Partnership |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ND | Hexion Ontario Inc. | Hexion Canada Inc. (100%) | | | Ontario | 7/15/2015 | FOREIGN | Non-Debtor | Canada | Operating Company | For Profit Corporation |
| ND | Hexion Pty Ltd | Hexion Canada Inc. (100%) | | | Australia | 6/17/1949 | FOREIGN | Non-Debtor | Australia | Operating Company | For Profit Corporation |
| ND | Hexion Australia Pty Ltd. | Hexion Pty Ltd (50%) | Laminex Group Pty Limited (50%) | | Australia | 10/5/1984 | FOREIGN | Non-Debtor | Australia | Operating Company | For Profit Corporation |
| ND | Hexion (N.Z.) Limited | Hexion Pty Ltd (100%) | | | New Zealand | 1/19/1989 | FOREIGN | Non-Debtor | New Zealand | Operating company | For Profit Corporation |
| ND | Hexion UK Holding Limited | Hexion Canada Inc. (100%) | | | United Kingdom | 11/16/2017 | FOREIGN | Non-Debtor | United Kingdom | Holding Company | Limited |
| ND | Borden International Holdings Limited | Hexion UK Holding Limited (100%) | | | United Kingdom | 4/1/1999 | FOREIGN | Non-Debtor | United Kingdom | Holding Company | For Profit Corporation |
| ND | Borden Chemical UK Limited | Borden International Holdings Limited (100%) | | | United Kingdom | 9/21/1995 | FOREIGN | Non-Debtor | United Kingdom | Non-operating Company | For Profit Corporation |
| ND | Combined Composite Technologies Limited[1] | Borden Chemical UK Limited (100%) | | | United Kingdom | 12/24/1997 | FOREIGN | Non-Debtor | United Kingdom | Non-operating Company | For Profit Corporation |
| ND | Borden Chemical Finance Limited[1] | Borden Chemical UK Limited (100%) | | | United Kingdom | 11/10/1995 | FOREIGN | Non-Debtor | United Kingdom | Non-operating Company | For Profit Corporation |
| ND | Hexion UK Limited | Hexion UK Holding Limited (100%) | | | United Kingdom | 12/20/1965 | FOREIGN | Non-Debtor | United Kingdom | Operating Company | For Profit Corporation |
| ND | Hexion UK Limited, Dutch Branch | Hexion UK Limited (100%) | | | United Kingdom | 4/24/1996 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Private Limited Company |
| ND | Hexion Botlek B.V. | Hexion UK Limited (100%) | | | Netherlands | 2/11/2019 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Private Limited Company |
| ND | Hexion Australia Limited Partnership | Hexion Canada Inc. (99.9%), Hexion Australia General Partner Pty Ltd (0.1%) | | | Australia | 11/8/2011 | FOREIGN | Non-Debtor | Australia | Non-operating Company | Limited Partnership |
| ND | Hexion Australia General Partner Pty Ltd | Hexion Holding B.V. (100%) | | | Australia | 11/3/2011 | FOREIGN | Non-Debtor | Australia | Non-operating Company | For Profit Corporation |
| ND | Hexion Australia Limited Partnership | Hexion Australia General Partner Pty Ltd (0.1%), Hexion Canada Inc. (99.9%) | | | Australia | 11/8/2011 | FOREIGN | Non-Debtor | Australia | Non-operating Company | Limited Partnership |
| ND | Hexion Australia Finance Pty Ltd | Hexion Australia Limited Partnership (100%) | | | Australia | 11/10/2011 | FOREIGN | Non-Debtor | Australia | Non-operating Company | For Profit Corporation |
| ND | Hexion Technology (Shanghai) Co., Ltd. | Hexion Holding B.V. (100%) | | | China | 2/2/2018 | FOREIGN | Non-Debtor | China | Operating Company | For Profit Corporation |
| ND | Hexion Europe B.V. | Hexion Holding B.V. (100%) | | | Netherlands | 6/30/2004 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Limited Liability Company |
| ND | Hexion Germany GmbH | Hexion Europe B.V. (89.77%), Hexion Holding Germany GmbH (10.23%) | | | Germany | 9/24/2004 | FOREIGN | Non-Debtor | Germany | Holding Company | For Profit Corporation |
| ND | Hexion GmbH | Hexion Germany GmbH (89.79%), Hexion Holding Germany GmbH (10.21%) | | | Germany | 10/29/2001 | FOREIGN | Non-Debtor | Germany | Operating Company | Limited Liability Company |
| ND | InfraTec Duisburg GmbH | Hexion GmbH (70%) | Rutgers Chemicals AG (30%) | | Germany | 7/15/2004 | FOREIGN | Non-Debtor | Germany | Operating Company | Limited Liability Company |
| ND | Hexion Korea Company Limited | Hexion GmbH (100%) | | | Korea | 4/17/2002 | FOREIGN | Non-Debtor | Korea, Republic Of | Operating Company | For Profit Corporation |
| ND | Hexion Oy | Hexion GmbH (100%) | | | Finland | 12/13/2000 | FOREIGN | Non-Debtor | Finland | Operating Company | For Profit Corporation |
| ND | Liimaniemen Sahkolittyma Oy | Hexion Oy (33%) | Kiinteisto Oy Puhoksen Lastu (33%), Surfactor Finland Oy (33%) | | Finland | 1/2/2018 | FOREIGN | Non-Debtor | Finland | Operating Company | Jointventure |
| ND | Hexion Stuttgart GmbH | Hexion GmbH (100%) | | | Germany | 12/13/2000 | FOREIGN | Non-Debtor | Germany | Operating Company | For Profit Corporation |
| ND | Hexion Specialty Chemicals Iberica S.A. | Hexion GmbH (100%) | | | Spain | 2/7/1991 | FOREIGN | Non-Debtor | Spain | Operating Company | For Profit Corporation |
| ND | Hexion Specialty Chemicals Lda. | Hexion Europe B.V. (30.3%), Hexion Holding B.V. (69.7%) | | | Portugal | 1/1/1911 | FOREIGN | Non-Debtor | Portugal | Operating company | For Profit Corporation |

Hexion Holdings LLC
SOFA 25
2019 Organization Structure

| LID | Legal Entity Name | Parent1 | Parent2 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/ Partnership |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ND | Hexion Italia S.r.l. | Hexion Europe B.V. (100%) | | | Italy | 10/10/2002 | FOREIGN | Non-Debtor | Italy | Operating Company | For Profit Corporation |
| ND | Hexion Stanlow Limited[1] | Hexion Holding B.V. (100%) | | | United Kingdom | 3/11/1999 | FOREIGN | Non-Debtor | United Kingdom | Operating Company | For Profit Corporation |
| ND | Hexion B.V. | Hexion Holding B.V. (100%) | | | Netherlands | 7/2/1999 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Limited Liability Company |
| ND | Hexion Pernis Lease B.V. | Hexion B.V. (100%) | | | Netherlands | 10/9/2015 | FOREIGN | Non-Debtor | Netherlands | Holding Company | For Profit Corporation |
| ND | Dubai Rep Office of Hexion B.V. | Hexion B.V. (100%) | | | Dubai | 3/15/2001 | FOREIGN | Non-Debtor | Dubai, UAE | Operating Company | Branch |
| ND | Hexion VAD B.V. | Hexion B.V. (100%) | | | Netherlands | 5/4/2016 | FOREIGN | Non-Debtor | Netherlands | Operating Company | For Profit Corporation |
| ND | Hexion Moerdijk Lease B.V. | Hexion VAD B.V. (100%) | | | Netherlands | 10/9/2015 | FOREIGN | Non-Debtor | Netherlands | Holding Company | For Profit Corporation |
| ND | TMF Mexico Rep Office | Hexion VAD B.V. (100%) | | | Mexico | 3/12/2019 | FOREIGN | Non-Debtor | Mexico | Operating Company | Branch |
| ND | Hexion Brazil Coöperatief U.A. | Hexion Holding B.V. (1%), Borden Chemical Holdings (Panama) S.A. (99%) | | | Netherlands | 6/27/2012 | FOREIGN | Non-Debtor | Netherlands | Holding Company | Limited Partnership |
| ND | Hexion Industria e Comercio de Epoxi Ltda. | Hexion Holding B.V. (99%), Hexion Quimica do Brasil Ltda. (1%) | | | Brazil | 5/23/2013 | FOREIGN | Non-Debtor | Brazil | Operating Company | Limited Liability Company |
| ND | Hexion (Caojing) Limited | Hexion Holdings (China) Limited (100%) | | | Hong Kong | 10/31/2003 | FOREIGN | Non-Debtor | Hong Kong | Holding Company | For Profit Corporation |
| ND | Hexion Management (Shanghai) Co., Ltd. | Hexion (Caojing) Limited (100%) | | | China | 1/7/2003 | FOREIGN | Non-Debtor | China | Operating Company | Limited Liability Company |
| ND | Hexion New Materials (Shanghai) Co., Ltd. | Hexion B.V. (100%) | | | China | 9/28/2018 | FOREIGN | Non-Debtor | China | Operating Company | For Profit Corporation |
| ND | Hexion Research Belgium SA | Hexion Holding B.V. (99.9%), Resolution Research Nederland B.V. (0.1%) | | | Belgium | 12/30/1999 | FOREIGN | Non-Debtor | Belgium | Operating Company | For Profit Corporation |
| ND | Hexion Chemicals India Private Limited | Hexion Holding B.V. (99.998%), Resolution Research Nederland B.V. (0.002%) | | | India | 2/23/2011 | FOREIGN | Non-Debtor | India | Operating Company | For Profit Corporation |
| ND | PT Hexion Lestari Nusantara | Hexion Holding B.V. (98.92%), Resolution Research Nederland B.V. (1.08%) | | | Indonesia | 7/22/2010 | FOREIGN | Non-Debtor | Indonesia | Non-operating Company | Limited Liability Company |
| ND | Resolution Research Nederland B.V. | Hexion Holding B.V. (100%) | | | Netherlands | 9/9/1999 | FOREIGN | Non-Debtor | Netherlands | Operating Company | Limited Liability Company |
| ND | Hexion Research Belgium SA | Resolution Research Nederland B.V. (0.1%), Hexion Holding B.V. (99.9%) | | | Belgium | 12/30/1999 | FOREIGN | Non-Debtor | Belgium | Operating Company | For Profit Corporation |
| ND | Hexion Chemicals India Private Limited | Resolution Research Nederland B.V. (0.002%), Hexion Holding B.V. (99.998%) | | | India | 2/23/2011 | FOREIGN | Non-Debtor | India | Operating Company | For Profit Corporation |
| ND | PT Hexion Lestari Nusantara | Resolution Research Nederland B.V. (1.08%), Hexion Holding B.V. (98.92%) | | | Indonesia | 7/22/2010 | FOREIGN | Non-Debtor | Indonesia | Non-operating Company | Limited Liability Company |
| ND | Hexion Specialty Chemicals Barbastro S.A. | Hexion Holding B.V. (100%) | | | Spain | 10/28/1999 | FOREIGN | Non-Debtor | Spain | Operating Company | For Profit Corporation |
| ND | Servicios Factoria Barbastro, S.A. | Hexion Specialty Chemicals Barbastro S.A. (50%) | Pollamidas Barbastro SA (50%) | | Spain | 4/5/1983 | FOREIGN | Non-Debtor | Spain | Operating Company | For Profit Corporation |
| ND | Hexion Shchekinoazot Holding B.V. | Hexion Holding B.V. (50%) | OAO Shchekinoazot (50%) | | Netherlands | 9/6/2007 | FOREIGN | Non-Debtor | Netherlands | Holding Company | Limited Liability Company |
| ND | Hexion Shchekinoazot OOO | Hexion Shchekinoazot Holding B.V. (100%) | | | Russia | 3/7/2007 | FOREIGN | Non-Debtor | Russian Federation | Operating Company | Limited Liability Company |
| ND | Hexion Singapore Pte. Ltd. | Hexion Holding B.V. (100%) | | | Singapore | 3/20/2000 | FOREIGN | Non-Debtor | Singapore | Operating Company | For Profit Corporation |
| ND | Singapore (Japan Branch Office) | Hexion Singapore Pte. Ltd. (100%) | | | Japan | N/A | FOREIGN | Non-Debtor | Japan | Operating Company | Branch |

Hexion Holdings LLC
SOFA 25
2019 Organization Structure

| LID | Legal Entity Name | Parent1 | Parent2 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/ Partnership |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ND | Singapore (Taiwan Rep Office) | Hexion Singapore Pte. Ltd. (100%) | | | Taiwan | N/A | FOREIGN | Non-Debtor | Taiwan, Province Of China | Operating Company | Branch |
| ND | Momentive Union Specialty Chemicals Limited | Hexion Holding B.V. (100%) | | | Hong Kong | 3/16/2012 | FOREIGN | Non-Debtor | Hong Kong | Holding Company | For Profit Corporation |
| ND | Zhenjiang Momentive Union Specialty Chemicals Ltd. | Momentive Union Specialty Chemicals Limited (100%) | | | China | 8/24/2012 | FOREIGN | Non-Debtor | China | Operating Company | Limited Liability Company |

Note:
[1] Legal entity was liquidated post-petition.

Hexion Holdings LLC
SOFA 25
Organization Structure Changes (2013 - 2019)

| LID | Legal Entity Name | Parent1 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/ Partnership | Note |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ND | Combined Composite Technologies Limited | Borden Chemical UK Limited (100%) | | United Kingdom | 12/24/1997 | FOREIGN | Non-Debtor | United Kingdom | Non-Operating | Corporation | Dissolved 4/09/2019 |
| ND | Borden Chemical Finance Limited | Borden Chemical UK Limited (100%) | | United Kingdom | 11/10/1995 | FOREIGN | Non-Debtor | United Kingdom | Non-Operating | Corporation | Dissolved 04/07/2019 |
| ND | Borden Luxembourg S.a.r.l. | Hexion Canada Inc. (100%) | | Luxembourg | 9/16/2004 | FOREIGN | Non-Debtor | Luxembourg | Non-Operating | Limited Liability Company | Dissolved 01/02/2019 |
| ND | Hexion Leuna GmbH & Co. KG | Hexion Europe B.V. (100%) | | Germany | 12/9/2010 | FOREIGN | Non-Debtor | Germany | Non-Operating | Limited Partnership | Merged into parent 8/29/2017 |
| ND | Hexion SG. Petani Sdn. Bhd. | Hexion Somersby Pty Ltd (100%) | | Malaysia | 12/15/1995 | FOREIGN | Non-Debtor | Malaysia | Non-Operating | Corporation | 01/08/2018 - Sold to Munzing |
| ND | Hexion Somersby Pty Ltd | Hexion Pty Ltd. (100%) | | Australia | 7/25/1988 | FOREIGN | Non-Debtor | Australia | Non-Operating | Corporation | 01/08/2018 - Sold to Munzing |
| ND | HSC Capital Corporation | Hexion Inc. (100%) | | Delaware | 10/23/2000 | 76-0660306 | Non-Debtor | Columbus, Ohio | Non-Operating | Corporation | Dissolved 4/28/2017 |
| ND | Momentive Performance Materials Holdings Inc. | Hexion Holdings LLC (100%) | Nautilus Holdings Acquisition Corp | Delaware | 9/6/2006 | 20-5748246 | Non-Debtor | Columbus, Ohio | Non-Operating | Holding Company | Merged into parent 9/14/2017 |
| ND | Oilfield Technology Group, Inc. | Hexion Inc. (100%) | | Delaware | 9/1/2004 | 20-2873694 | Non-Debtor | Columbus, Ohio | Non-Operating | Corporation | Dissolved 9/14/2017 |
| ND | Hexion 2 Nova Scotia Finance, ULC | Hexion Inc. (100%) | | Nova Scotia | 10/6/2006 | FOREIGN | Non-Debtor | Nova Scotia | Non-Operating | Corporation | Dissolved 11/3/2016 |
| ND | Borden Chemical Foundry, LLC | Hexion Inc. (100%) | Borden Chemical Foundry Inc. | Delaware | 4/2/2001 | 31-1766429 | Non-Debtor | Columbus, Ohio | Non-Operating | Limited Liability Company | Dissolved 10/19/2016 |
| ND | HA-International, LLC | Hexion Inc. (50%), Borden Chemical Foundry (50%) | | Delaware | 4/2/2001 | 61-1387705 | Non-Debtor | Westmont, IL | Non-Operating | Joint Venture | Dissolved 5/31/2016 |
| ND | Hexion (Thailand) Limited | Hexion Inc. (100%) | Momentive Specialty Chemicals (Thailand) Limited | Thailand | 5/15/1985 | FOREIGN | Non-Debtor | Thailand | Non-Operating | Corporation | Dissolved 6/30/2016 |
| ND | Hexion a.s. | Hexion Europe B.V. (100%) | Momentive Specialty Chemicals a.s. | Czech Republic | 12/20/1990 | FOREIGN | Non-Debtor | Czech Republic | Non-Operating | Corporation | Dissolved 6/30/2016 |
| ND | Hexion Asua S.L. | Hexion Europe B.V. (100%) | Momentive Specialty Chemicals Asua S.L. | Spain | unknown | FOREIGN | Non-Debtor | Spain | Non-Operating | Corporation | Dissolved 6/30/2016 |
| ND | Hexion Bangkok Ltd. | Hexion Inc. (100%) | Momentive Specialty Chemicals Bangkok Limited | Thailand | 4/20/2006 | FOREIGN | Non-Debtor | Thailand | Non-Operating | Corporation | Dissolved 6/30/2016 |
| ND | Hexion Escrow Corporation | Hexion Finance Escrow LLC (100%) | | Delaware | 1/11/2010 | 20-2862812 | Non-Debtor | Columbus, Ohio | Non-Operating | Corporation | Dissolved 10/21/2016 |
| ND | Hexion Finance Escrow LLC | Hexion Inc. (100%) | New Nimbus LLC | Delaware | 10/15/2008 | 27-1676484 | Non-Debtor | Columbus, Ohio | Non-Operating | Corporation | Dissolved 10/21/2016 |
| ND | Hexion France SAS | Hexion Europe B.V. (100%) | Momentive Specialty Chemicals France SAS | France | 10/15/2002 | FOREIGN | Non-Debtor | France | Non-Operating | Corporation | Dissolved 6/30/2016 |
| ND | Hexion S.r.l. | Hexion Europe B.V. (100%) | Momentive Specialty Chemicals S.r.l. | Italy | 7/12/2004 | FOREIGN | Non-Debtor | Italy | Non-Operating | Corporation | Dissolved 6/30/2016 |
| ND | New Nimbus GmbH & Co. Kg | Hexion Europe B.V. (25%), Hexion Germany GmbH (25%), Hexion Holding Germany GmbH (25%), Hexion Holding B.V. (25%) | | Germany | 12/17/2007 | FOREIGN | Non-Debtor | Germany | Non-Operating | Limited Liability Partnership | Dissolved 2/25/2016 |
| ND | PAC Chemical (Shanghai) Co., Ltd. | Hexion (Caojing) Limited (100%) | | China | unknown (2016 ) | FOREIGN | Non-Debtor | China | Non-Operating | Corporation | Dissolved 8/01/2016 |
| ND | PAC Disposition Holdings LLC | Hexion Inc. (100%) | | Delaware | 4/5/2016 | 81-2134449 | Non-Debtor | Delaware | Non-Operating | Holding Corporation | Dissolved 8/17/2016 |
| ND | J E Ridnell Pty Ltd | Hexion Pty Ltd. (100%) | Clurvet Pty. Limited | Australia | 1/2/1985 | FOREIGN | Non-Debtor | Australia | Non-Operating | Corporation | Dissolved 3/23/2015 |
| ND | Momentive Performance Materials Holdings Employee Corporation | Hexion Holdings LLC (100%) | | Delaware | 3/13/2014 | 46-5082539 | Non-Debtor | Delaware | Non-Operating | Holding Corporation | Dissolved 7/10/2015 |
| ND | Momentive Specialty Chemicals Finance B.V. | Hexion B.V. | Hexion Specialty Chemicals Finance B.V. | Netherlands | 12/21/2007 | FOREIGN | Non-Debtor | Netherlands | Non-Operating | Limited Liability Company | Dissolved 2/27/2015 |
| ND | MSC TopCo LLC | Hexion Holdings LLC (100%) | | Delaware | 12/17/2012 | NA | Non-Debtor | Delaware | Non-Operating | Limited Liability Company | Dissolved 7/10/2015 |
| ND | Resolution Specialty Materials Rotterdam B.V. | Hexion Europe B.V. (100%) | Resolution Specialty Materials The Hague B.V. | Netherlands | 11/3/1999 | FOREIGN | Non-Debtor | Netherlands | Non-Operating | Limited Liability Company | Merged into parent 6/26/2015 |
| ND | Superholdco Finance Corp. | Hexion Holdings LLC (100%) | | Delaware | 1/10/2014 | 46-4762588 | Non-Debtor | Columbus, Ohio | Non-Operating | Holding Corporation | Dissolved 07/10/2015 |
| ND | Aegir Limited | Borden Chemical UK Limited (100%) | RPC Holdings, Ltd. | United Kingdom | 12/31/2000 | FOREIGN | Non-Debtor | United Kingdom | Non-Operating | Corporation | Dissolved 12/18/2014 |
| ND | Hexion U.S. Finance Corp. | Hexion Inc. (100%) | Borden U.S. Finance Corp | Delaware | 7/14/2004 | 20-1362484 | Non-Debtor | Delaware | Non-Operating | Corporation | Merged into parent 12/02/2014 |
| ND | Momentive Specialty Chemicals Pardubice s.r.o | Hexion Germany GmbH (99.9%), Hexion GmbH (.01%) | Hexion Specialty Chemicals Pardubice s.r.o | Czech Republic | 5/20/1999 | FOREIGN | Non-Debtor | Czech Republic | Non-Operating | Limited Liability Company | Dissolved 3/6/2014 |
| ND | Momentive Specialty Chemicals Wesseling GmbH | Hexion Leuna GmbH & Co. Kg (94.8%), New Nimbus GmbH Co. Kg (5.2%) | Hexion Specialty Chemicals Wesseling GmbH | Germany | 7/1/1999 | FOREIGN | Non-Debtor | Germany | Non-Operating | Corporation | Dissolved 01/01/2014 |
| ND | Resinite Limited | Borden Chemical UK Limited (100%) | Sooner Foods Limited | United Kingdom | 2/10/1994 | FOREIGN | Non-Debtor | United Kingdom | Non-Operating | Corporation | Dissolved 12/18/2014 |
| ND | RPC Foods, Ltd. | Borden Chemical UK Limited (100%) | | United Kingdom | unknown | FOREIGN | Non-Debtor | United Kingdom | Non-Operating | Corporation | Dissolved 12/18/2014 |

Hexion Holdings LLC
SOFA 25
Organization Structure Changes (2013 - 2019)

| LID | Legal Entity Name | Parent1 | Other Names | Jurisdiction of Incorporation | Date of Incorporation | Federal Tax ID No | Debtor/Non-Debtor | Location | Nature of Business | Corporation/ Partnership | Note |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ND | Vanguard Plastics Limited | Borden Chemical UK Limited (100%) | The Borden Sales Co. Ltd. | United Kingdom | 9/7/1956 | FOREIGN | Non-Debtor | United Kingdom | Non-Operating | Corporation | Dissolved 12/18/2014 |
| ND | Hexion Specialty Chemicals Luxembourg s.a.r.l. | Hexion Inc. (100%) | | Luxembourg | 7/17/2009 | FOREIGN | Non-Debtor | Luxembourg | Non-Operating | Limited Liability Company | Dissolved 3/31/2013 |
| ND | Hexion Specialty Chemicals Uruguay S.A. | Borden Chemical Holdings (Panama) S.A. (100%) | Olonzac S.A. | Uruguay | 10/13/1999 | FOREIGN | Non-Debtor | Uruguay | Non-Operating | Corporation | Dissolved 12/17/2013 |

**North American Sugar Industries Incorporated**                                    Case Number:            **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | | | |
|---|---|---|---|---|---|
| 26a.1 | COLETTE BARRICKS<br>180 EAST BROAD STREET<br>COLUMBUS, OH 43215 | From: | 4/1/2017 | To: | 4/1/2019 |
| 26a.2 | GEORGE F. KNIGHT<br>180 EAST BROAD STREET<br>COLUMBUS, OH 43215 | From: | 4/1/2017 | To: | 4/1/2019 |

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | | |
|---|---|---|---|---|
| 26b.1  PRICEWATERHOUSECOOPERS LLP<br>41 SOUTH HIGH STREET<br>25TH FLOOR<br>COLUMBUS, OH 43215 | From: | 4/1/2017 | To: | 4/1/2019 |

**North American Sugar Industries Incorporated**                                    **Case Number:**        **19-10695**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

## 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1    COLETTE BARRICKS<br>180 EAST BROAD STREET<br>COLUMBUS, OH 43215 | |
| 26c.2    GEORGE F. KNIGHT<br>180 EAST BROAD STREET<br>COLUMBUS, OH 43215 | |
| 26c.3    PRICEWATERHOUSECOOPERS LLP<br>41 SOUTH HIGH STREET<br>25TH FLOOR<br>COLUMBUS, OH 43215 | |

**North American Sugar Industries Incorporated**                    **Case Number:**          **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and Address |
|---|
| 26d.1    REFER TO GLOBAL NOTES |

**North American Sugar Industries Incorporated**                                    **Case Number:**        **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27.1    NONE | | | | |

**North American Sugar Industries Incorporated**                                    **Case Number:**        **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1 CRAIG A. ROGERSON<br>C/O HEXION INC.<br>180 E. BROAD ST.<br>COLUMBUS, OH 43215 | DIRECTOR / PRESIDENT | |
| 28.2 DOUGLAS A. JOHNS<br>C/O HEXION INC.<br>180 E. BROAD ST.<br>COLUMBUS, OH 43215 | EXECUTIVE VICE PRESIDENT / SECRETARY | |
| 28.3 GEORGE FERRY KNIGHT III<br>C/O HEXION INC.<br>180 E. BROAD ST.<br>COLUMBUS, OH 43215 | EXECUTIVE VICE PRESIDENT | |
| 28.4 HEXION INC.<br>180 E. BROAD ST.<br>COLUMBUS, OH 43215 | | 100.00% |

North American Sugar Industries Incorporated                                                    Case Number:            **19-10695**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1   NONE | | From: _____   To: _____ |

**North American Sugar Industries Incorporated**                                    **Case Number:**        **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**30. Payments, Distributions, or Withdrawals Credited or Given to Insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1    REFERENCE SOFA PART 2 QUESTION 4<br>NOT AVAILABLE | | | |
| **TOTAL REFERENCE SOFA PART 2 QUESTION 4** | **$0** | | |

|  | **TOTAL** | **$0** |
|---|---|---|

**North American Sugar Industries Incorporated**                                    **Case Number:**         **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
| --- | --- |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
| --- | --- |
| 31. 1   HEXION LLC & SUBSIDIARIES | EIN:    20-2918090 |

**North American Sugar Industries Incorporated**                    **Case Number:**        **19-10695**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. 1    NONE | EIN: |

**North American Sugar Industries Incorporated**                          **Case Number:**          **19-10695**

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:** _____June 6, 2019_____



**Signature:**   _/s/ George F. Knight, III_          George F. Knight, III, Executive Vice President and Chief Financial Officer

**Name and Title**




Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes